NEW-YORK,
May, 1819.

PRATT
v.
CROCKER.

———◉ ✳ ◉———

PRATT *against* CROCKER and others.

A release given by a defendant in a cause, unconditionally, for the purpose of enabling the releasee to be a witness on the trial of the cause, is, if fairly obtained, a discharge of the liability of the releasee to the defendant, although he was not sworn on the trial, or the release produced.

THIS was a *scire facias* brought to recover damages, for further breaches, on a bond given by the defendants to the plaintiff, and conditioned for the faithful discharge by the defendant *Crocker*, of his duties, as deputy of the plaintiff, who, when the bond was given, was sheriff of the county of *Madison.* The plaintiff assigned two breaches, the first of which the defendants admitted, and confessed damages thereon ; the second breach alleged, that one *Benajah Dean* had recovered a judgment against the plaintiff, in the Court of Common Pleas of the county of *Madison*, in an action of trespass, for property alleged to belong to *Dean*, and which had been taken by *Crocker*, as the plaintiff's deputy, on an execution against one *Calvin Perkins.*

To this breach the defendants pleaded a release, in the following words : " I, *Elijah Pratt*, late sheriff of the county of *Madison*, do hereby release and discharge *Ammi Crocker*, my late deputy sheriff, and his representatives and his bail to me as said deputy sheriff, and their legal representatives, of and from all cause or causes of action which

shall or may arise, accrue, grow out of, or happen, by reason or means of a certain suit, instituted and now pending by *Benajah Dean*, in a plea of trespass against me, in *Madison* Common Pleas, and noticed for trial this *February* term, 1816. Dated *February* 7, 1816." The plaintiff replied, that the release was obtained and kept on foot by fraud. The defendants rejoined, taking issue on the question of fraud. The cause was tried before Mr. J. *Yates*, at the *Madison* circuit, in *June*, 1818.

The plaintiff's counsel offered to prove, that during the pendency of the suit by *Dean* against the plaintiff, the defendant *Crocker* represented himself to the plaintiff's counsel as an important witness in that cause ; and that he would testify to facts, which, if proved, would prevent *Dean's* recovering : that the defence of that suit was conducted by the defendant *Crocker*, who employed counsel for the purpose : that in his representation, his counsel advised him to obtain a release from the plaintiff; and that the defendant wrote a note to the plaintiff, which was produced, and was admitted by the defendant to be in his own handwriting, in these words : " Dear sir, It is thought best by Mr. *D.* and Mr. *V H.* to have you sign a release. I send it by the boy. I wish you to do it. There will be no risque in your doing it. It is uncertain whether we shall make use of it or not. Yours, in haste." That thereupon the release was signed, but was not used on the trial, nor was the defendant sworn as a witness. The testimony was objected to on the part of the defendants, but the Judge intimated an opinion, that the execution and delivery of the release, to enable the defendant to be a witness, without its being used on the trial, would be a sufficient defence, provided it had not been obtained fraudulently. He, however, reserved the point, and suffered the evidence to be introduced, to enable the jury to pass upon the fact, whether it had been made use of on the trial, or had, under that pretence, been fraudulently obtained.

It was proved that the defendant, *Crocker*, employed two counsel to defend the suit of *Dean* against the plaintiff, and that on his representation to his counsel, and by their advice, the release was obtained. Although the testimony,

whether the release was produced, and whether *Crocker* was sworn on that trial or not, is somewhat contradictory and doubtful, the weight of evidence went to support the fact that he was not.

The judge charged the jury, that if they should be of opinion that the release had not been produced and used on the trial between *Dean* and the plaintiff, then they should find a verdict for the plaintiff, for the sum recovered by *Dean* against him, subject to the opinion of the Court on the point reserved; but if they should think the testimony sufficient to show that it had been produced, that then their verdict ought to be in favour of the defendants.

The jury found a verdict for the plaintiff, and the case was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court. The issue in the case was, whether the release was obtained and kept on foot by fraud. It is not doubted, that it was an effectual bar to the suit, unless it was fraudulently obtained; and it is not denied, that if it was obtained by fraud, that fraud would invalidate it.

It is rendered doubtful, from the evidence, whether *Crocker* was sworn or not; but, from the verdict of the jury, under the directions given by the Judge, we must conclude, that *Crocker* was not sworn as a witness on the trial of *Dean* against the plaintiff, and the Judge stated to the jury, that if the release had not been produced and read on the trial between *Dean* and *Pratt*, that they should find a verdict for the plaintiff, reserving the question of law, and the jury found for the plaintiff.

On looking into the evidence, it appears fully, that *Crocker* represented himself to be a material witness, on the trial of *Dean* and *Pratt*, for the defendant, and that he was released, with the intention of being used as a witness.

It does not appear, that his representation that he was a material witness, was false or deceptive; and it must be considered, that the release was put into *Crocker's* hands unconditionally.

I do not perceive any fraud on the part of *Crocker*, in obtaining the release. It was absolutely delivered to him,

to be sure, in the expectation that he would be a witness; and it was not his fault that he was not called. The release being under hand and seal, required no proof of a consideration to support it. It seems to me, that the point submitted to the jury was not an essential one; for if the release was fairly obtained, and delivered unconditionally, and the plaintiff's remedy against *Crocker* and his sureties, for the act from which he was discharged, was gone for ever, it was not within the issue to inquire whether the release had been produced and read on the trial; for, whether it was so, or not, it did not touch the question of fraud. A new trial must be granted, the costs to abide the event, unless the plaintiff elect to waive the assessment of damages for that breach.